ALBANY,
Feb. 1828.
——————
Waite
v.
Leggett.

New trial denied.

------

## WAITE *against* LEGGETT.

To deprive a party of his action for money paid voluntarily beyond what is due, on the ground of knowing that it was not due, it must appear that it was paid with a full knowledge that it ought not to be paid. That the party paying had the means of knowing this, and might have availed himself of those means by a careful attention to the state of the accounts and [*196] transactions between him and the creditor, is no answer to the action, provided there be in fact a mistake in the payment. For the circumstances in evidence upon which such mistake may be inferred see the case and opinion of the court.

ASSUMPSIT for money had and received; tried at the Washington circuit, in June, 1825, before DUER, C. Judge; when the following facts were in evidence:

January 2d, 1807, Waite executed his bond and warrant to confess judgment to Leggett, for items of account furnished by the latter, to his attorney, amounting to $1579 64, on which judgment was entered. October 28th, 1807, Leggett furnished to his attorney vouchers of his demand against Waite, and among others, a note dated July 4th, 1804, for $1546 06, bearing interest from the date; and after considerable payments on the judgment, a balance was struck between the parties, including the note and interest according to its date, when it was found that the judgment had been taken for $291 08 less than was due to Leggett. In 1812, it was agreed, after negotiation, that Waite should pay one-half of that sum to Leggett, beside the balance on the judgment. Various payments were then made by Waite, and on the 25th of February, *1820, he paid $294, leaving the balance, according to an account

shown to him by Leggett's attorney, $106 05. Being called on to pay this, and furnished by Leggett's attorney with a statement of demands and payments, Waite refused, insisting that he had already overpaid; that the note of $1546 06, was given July 4th, 1806, instead of 1804, being improperly ante dated; and interest having been allowed on that sum from the date in 1804. And he produced a receipt for this note, stating the items of which it was composed, dated 7 mo. 4th, 1806, signed by Leggett & Son, which showed the overpayment, when taken in connection with the statement. The excess paid was $46 13, on the 25th of February, 1820. This sum. with interest, made $63 62, which the plaintiff, Waite, insisted he was entitled to recover. The excess in payment was admitted at the trial; but the defendant's counsel insisted that the plaintiff could not recover, inasmuch as the payment must be taken to have been voluntary, and with knowledge that it was not due, the plaintiff, Waite, having all along had possession of the receipt, which showed the truth to him. Farther particulars will be found stated in the opinion of the court.

The judge decided that the action was sustainable; and the jury found for the plaintiff $63 62.

*J. L. Wendell,* for the defendant, now moved for a new trial. He said the action was not sustainable, the money being paid by the plaintiff with a full knowledge of all the circumstances showing that he was not liable to pay it. Such knowledge was inferrible from the defendant's having had the means of acquiring it. 2 Esp. Rep. 546, 723; 1 id. 279, 84; 1 T. R. 343; 1 Cain. 36; 2 John. Rep. 165; 2 East, 469.

*C. L. Allen* and *S. Stevens,* contra, cited 2 Ld. Raym. 1217; 6 Cowen, 297, and the cases there cited.

*Curia, per* SUTHERLAND, J. It is admitted that the note for $1546 06, given by Waite to Leggett, on the 4th of July, 1806, was erroneously dated on the 4th of July,

ALBANY,<br>Feb. 1828.<br>—————<br>Waite<br>v.<br>Leggett.

*1804; and that, deducting from the account of Leggett against Waite, the interest which has been charged upon the note as accruing from 1804 to 1806, he has been over-paid to the amount of $63 62, including interest, for which the verdict was found; and the question is, whether, under the circumstances, this money can be recovered back? It appears from the evidence, that when Waite gave the note in question, Leggett gave him a receipt for it, correctly dated on the 4th of July, 1806; and it is contended, that inasmuch as he then had in his possession the means of ascertaining the true date of the note, he is chargeable with knowledge of that fact; and that the payments made by him are to be considered as voluntarily made, with a full knowledge that he was paying more than he was legally bound to pay. That he knew the true date of the note, may be conceded. But the evidence clearly shows that he did not know, that in the calculation made by Leggett or his attorney of the mount due, they had considered the note as having been given in 1804, instead of 1806, and had cast the interest accordingly. The last payment made by Waite, was on the 25th of February, 1820; and Mr. Wendell testifies, that subsequent to that day, Waite was furnished, as is clearly to be inferred for the first time, with a statement of the demands of Leggett containing charges and credits; that upon receiving the statement, he pointed out the mistake in the date of the note, and alleged that he had been erroneously charged with two years interest upon it; and that allowing for that error, he had overpaid Leggett; and refused to pay the balance then claimed from him. So far, then, from having voluntarily paid the interest for these two years, he did not know that the note had been erroneously dated, or that Leggett had made a mistake in his calculations, until the last payment. He knew he was indebted to Leggett in a large amount, and gave him a bond and warrant of attorney by way of security for the sum alleged to be due, without asking for the items, and without any statement having been furnished to him. The whole course of the transaction shows, that the judgment bond *was not considered by the parties as a final and con-

[*198]

clusive liquidation of the amount due. The bond was given in January, 1807, and the judgment was soon after entered up. But in 1812, an omission which operated in favor of Waite, was discovered and corrected. Indeed it was not contended, on the argument, that Waite was concluded by the judgment. The objection to the action was put exclusively on the ground of a voluntary payment. In all the cases cited by the defendant's counsel, the money which was sought to be recovered back, was paid with a full knowledge that it ought not to be paid. 1 Esp. N. P. Cas. 84, 279 ; 2 Esp. N. P. C. 546, 723 ; 2 East, 469.[1]

ALBANY,
Feb. 1823.

Waite
v.
Leggett.

New trial denied.

[1] It is well settled, as a general principle, that where a man pays money without any legal obligation to do so, under a mistake of fact, and without the means of ascertaining the truth, or if he be induced to pay it, under false representations, he may recover it back. *Potter* v. *Everett,* 2 Hall, 252.

Money erroneously paid by one party to another, in mutual ignorance of facts, which, if known, would have prevented the payment, may be recovered back in an action of assumpsit. *Burr* v. *Vedder,* 3 Wen. 412.

So money paid by mistake. *Franklin Bank* v. *Raymond,* 3 Wen. 69.

A voluntary payment, made under a mistake as to facts, may be recovered in assumpsit for money had and received, such as money paid on an incorrect computation of interest. *Boyer* v. *Pach,* 2 Denio. 107.

Where money is paid by mistake, it must be a mistake of fact, to entitle the party to sustain an action to recover. *Mowatt* v. *Wright,* 1 Wen. 355.

Where there is no fraud or mistake in matter of fact, if the law was mistaken, the rule applies, that *ignorantia juris non excusat.* An error of fact takes place, either where some fact which really exists, is unknown, or some fact is supposed to exist which really does not exist; but where a person is truly acquainted with the existence or non-existence of facts, but is ignorant of the legal consequences, he is under an error of law. Ib.

The cases, founded on mistake, seem to rest on this principle ; that if parties, believing that a certain state of things exist, come to an agreement with such belief for its basis, on discovering their mutual error, they are remitted to their original rights ; but where money is paid on a claim of right, made in good faith, and the party paying, acts with as full knowledge of the facts as the party receiving them, although the demand was unfounded, the payment cannot be recovered, notwithstanding the facts should prove to be different from what they were believed to be by the party receiving, but not different from what the party paying supposed they were. In such case, he who pays the money will be considered as giving it to whom he pays it ; as making it his, and closing the transaction. Ib.

ALBANY,
Feb. 1828.

The lapse of time in bringing a suit to correct a mistake, though brougnt within the time prescribed by the statute of limitations, will be taken into consideration. Ib. New York Digest, vol. 3, p. 531, Nos. 10, 12, 13, 14, 15, 16, 17, 18.

An action for money had and received, lies to recover back money paid on an execution upon a judgment, which was afterward reversed. *Clark* v. *Pinney*, 6 Cow. 287; *Maghee* v. *Kellogg*, 24 Wen. 32. Ib. p. 532, No. 22.

Assumpsit for money had and received, was held to lie where, on a settlement and delivering up of a bond and mortgage, the obligor was credited with a year's interest, which had not been paid. *Tinslar* v. *May*, 8 Wen. 561. Ib. p. 534, No. 41.

Money paid in advance, on account of services to be performed, may be recovered back, in case of non-performance, in an action for money had and received. *Wheeler* v. *Board*, 12 J. R. 363.

And the defendant is not bound to show a performance of the agreement on his part, but the plaintiff must prove a non-performance. Ib. Ib. p. 535, Nos. 50, 51.