HARWAY v. MAYOR OF NEW YORK, appellant.

MILLS v. SAME, appellant.

*Set-off — damages from fraud — Pleading.*

Plaintiff, as assignee of B., sued defendant, a municipal corporation, to recover for goods sold and delivered to defendant by B.  *Held*, that the defendant might set off an alleged indebtedness of B. to defendant for money paid to B. and obtained by him by making fraudulent overcharges for other goods furnished to defendant, in collusion with the officers of defendant.

Where facts exist upon which the law implies a promise to repay money fraudulently obtained, it is not irrelevant in a pleading under the Code to set up the facts which must be proved, and aver as the gravamen of action the liability and promise which the law implies from them.

APPEAL by defendants from an order striking out certain portions of the answer.  The action was brought by James L. Harway against the Mayor, Aldermen and Commonalty of the city of New York.  A similar action was brought by James W. Mills against the same defendants on precisely the same state of facts.  The plaintiff claims, as assignee of Daniel Berrien, to recover sums amounting in all to $15,204, alleged to be due for goods sold and delivered. The answer set up that Berrien had, previous to the assignment of the claim, fraudulently overcharged to the amount of $50,000 for other goods, etc., furnished to the city, and had procured the bills therefor to be allowed by fraudulent collusion with the city officers. The judge, on motion, ordered that all parts of the answer alleging fraud and fraudulent intent be stricken out, as constituting a cause of action in tort, and not competent to be set off in this action. The defendants appealed.

*E. D. Smith* and *J. C. Carter*, for appellants.  The matter sought to be stricken out is a good defense by way of set-off.  *Whitcomb* v. *Williams*, 4 Pick. 228; *Duke* v. *Collins*, 4 A. & E. 858; *Byxbie* v. *Wood*, 24 N. Y. 607; Selwyn's Nisi Prius (7th Am. ed.), 82, *et seq.* and notes; *Andrews* v. *Artisans' Bank*, 26 N. Y. 298; Chitty on Contracts (10th Am. ed.), 704, *et seq.;* *Waite* v. *Leggett*, 8 Cow. 195; *Clarke* v. *Dutcher*, 9 id. 674; *Knibbs* v. *Hall*, 1 Esp. 84; *Milnes* v. *Duncan*, 6 B. & C. 671; *Wakefield* v. *Newbon*, 13 L. J. (N. S.) Q. B.

260; *Coit* v. *Stewart*, 50 N. Y. 17; *Myers* v. *Davis*, 22 id. 489; *Martin* v. *Kunzmuller*, 37 id. 396; *Marsh* v. *Keating*, 1 Bing. (N. C.) 198.

*J. S. Lawrence*, for respondent. A claim founded on a tort is not, until after judgment, a subject of set-off. *Mead* v. *Gillett*, 19 Wend. 397; *Roberts* v. *Carter*, 38 N. Y. 107. The allegations of fraudulent intent or fraud were irrelevant. *Cheney* v. *Garbutt*, 5 How. 468; *Sellar* v. *Sage*, 12 id. 531; *Corwin* v. *Freeland*, 6 N. Y. 560; *Conaughty* v. *Nichols*, 42 id. 83. See, also, *Degraw* v. *Elmore*, 50 id. 1; *Ross* v. *Mather*, 51 id. 108, 112; *Smith* v. *Countryman*, 30 id. 655; *Bank of Troy* v. *Sixth National Bank*, 43 id. 452; *Moore* v. *Noble*, 53 Barb. 425; *Marshall* v. *Gray*, 57 id. 414; *McGovern* v. *Payn*, 32 id. 83.

DAVIS, P. J. The plaintiff in this action sues, as assignee of one Berrien, to recover divers large accounts against the city for goods, wares and merchandise sold and delivered to the defendant by said Berrien. The accounts, and the indebtedness thereon, are not denied. The sole defense set up by the answer is a set-off of an alleged indebtedness of Berrien to the defendant for a larger amount than plaintiff claims. The indebtedness is alleged to be for large sums of money paid by the defendant, to Berrien, in amounts and at times specified, and obtained by means of fraudulent practices, pretenses, and representations by said Berrien, in collusion with, or by deception of, the officers of defendant.

The answer avers and sets out, concisely and without redundancy, the fraudulent means by which the money is alleged to have been obtained, and alleges that the same was received by Berrien, to and for the use of defendant. It is well-settled law that, "if one man has obtained money from another through the medium of oppression, imposition, extortion or deceit, such money is, in contemplation of law, money received for the use of the injured party; it is not the money of the wrong-doer, and he has no right to retain it, and the law, therefore, implies a promise from him to return it to the rightful owner, whose title to it cannot be destroyed and annulled by the fraudulent and unjust dispossession. The tort may be waived, and an action brought for the recovery of the money upon the implied contract." *Chambers* v. *Lewis*, 2 Hilt. 591 ; *Putnam* v. *Wise*, 1 Hill, 235, 240, note; *Neate* v. *Harding*, 6 Exch. 349.

The cases are very numerous which establish that an action of assumpsit at common law for moneys thus obtained could have been brought upon the implied promise. The statute (2 R. S. 354, § 18) declares what demands may be the subject of set-off, and specially names causes of action arising upon contract, express or implied; and wherever assumpsit will lie for money had and received, the demand therefor may be set off in action of assumpsit brought by the party against whom it exists; and the assignee of such party takes a cause of action subject to the defense of set-off to the same extent as it existed against the assignor. See statute above cited; *Whitcomb* v. *Williams*, 4 Pick. 228; *Duke de Cadaval* v. *Collins*, 4 A. & E. 858; *Byxbee* v. *Wood*, 24 N. Y. 607; Selwyn's N. P. (7th Am. ed.) 82, and notes; Chitty on Contracts (10th Am. ed.), 704, *et seq.; Waite* v. *Leggett*, 8 Cow. 195; *Clark* v. *Dutcher*, 9 id. 674; *Coit* v. *Stewart*, 50 N. Y. 17; *Andrews* v. *Artisans' Bank*, 26 id. 298; *Myers* v. *Davis*, 22 id. 489; *Martin* v. *Kunzmuller*, 37 id. 396.

It is true the defrauded party in such case has a choice of remedies. He may pursue the person guilty of the fraud in an action of tort for damages sustained by the injury, or waiving that remedy, he may treat the matter as simple debt, and proceed upon the implied contract to repay the money.

There is no doubt, therefore, that upon proof of the facts alleged in the answer, the defendant will be entitled to enforce his defense of set-off in this action, to the extent necessary to extinguish the demands held by the plaintiff as assignee of Berrien. The answer of defendant, it will be observed, proceeds altogether upon the rights springing out of the alleged fraud. It claims nothing, except upon the ground that Berrien obtained the excessive payment by fraudulent pretenses and practices. The allusion to the city officers who passed upon and paid the accounts is not made for the purpose of averring mistake as a distinctive ground of claim, but to aver that those officers were deceived by or were in collusion with Berrien's alleged frauds.

It will be necessary, therefore, on the trial of the action, to give evidence of and satisfactorily show the alleged frauds, in order to establish the basis of the implied promise to pay back the money had and received, and a jury must pass upon those questions. This fact does not, however, change the nature of the alleged defense, which is all the while a mere set-off of indebtedness, arising upon

an implied contract. In all cases of implied contracts, the facts upon which the law implies the contract must be made to appear by proof or admission; and so in this case, unless the plaintiff admits the alleged indebtedness, the defendant must proceed to prove it, which can only be done by proving the facts out of which the law implies it. Hence it is no ground to exclude a set-off upon an implied contract that to maintain the implication requires evidence satisfactorily establishing a tortious or fraudulent transaction. In speaking of a party's right to assert his claim in such case as a contract for the payment of money, the books speak of him as "waiving the tort." This phrase means no more than that in treating the matter as a contract he waives his right to pursue it as a tort with the peculiar remedies, penalties and consequences belonging to it in that character. He by no means waives the right to give evidence of the transaction and of its true character, in order to raise the implication upon which his demand in contract must rest, for that would be to waive all remedy. The waiver of the tort, therefore, is simply a declaration that for the purposes of redress the party elects to treat the facts as establishing an implied contract which he may enforce, instead of an injury by fraud or wrong, for the committing of which he may demand damages, compensatory or exemplary. In either case the facts remain the same, and are alike the subject of proof and the basis of the remedy, except as to such incidents as in the action for tort may bring in the elements of willful or malicious injury to give scope for larger damages.

Under the common-law rules it was sufficient to aver the indebtedness in the form of the well-known counts of indebitatus assumpsit; but it would also have been proper by special declaration in assumpsit alleging the fraudulent acts, and averring the indebtedness arising therefrom and a promise to pay.

It is doubtful whether under the Code the former of these modes should be allowed, but it is not necessary to pass upon that question. The real question on this motion is whether where facts exist upon which the law implies a promise (in the absence of an express one) to repay money fraudulently obtained, it is irrelevant in a pleading under the Code to set up the facts which must be proved, and aver as the gravamen of action the liability and promise which the law implies from them. We are of opinion that it is not irrelevant but more

nearly conforms to the spirit and requirement of the Code, and is the wiser and safer course of pleading.

It certainly is no detriment to the plaintiff but rather to his advantage to have notice in advance of the precise facts he will be called upon to meet; and where the statement is made by complaint or answer in a concise form, without redundancy (which means "vain repetition"), and the facts stated are such as are essential to be proved on the trial to constitute a defense or action, the opposite party cannot be said to be "aggrieved thereby." Code, § 160, and see Wait's Annotated Code, 293, and the cases cited in notes.

We are of opinion that the order striking out portions of the answer as irrelevant and redundant is erroneous, and should be reversed with costs of this appeal, and the motion denied, with costs.

DANIELS and BRADY, JJ., concurred.

*Ordered accordingly.*