ISABEL S. TRIPLER, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

An owner of land, incumbered by an assessment for a local improvement, apparently valid and enforcible by a sale of the premises, may in good faith pay it, and thereafter, on discovering that it was illegal, recover back the money paid.

While, in an action for that purpose, the burden is upon plaintiff to prove that he made the payment in ignorance of the facts making the assessment invalid, where the evidence on his part tends to show such ignorance, the question is one of fact for the jury.

Reported on a former appeal, 125 N. Y. 617.

(Argued June 6, 1893; decided October 3, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 8, 1892, which affirmed a judgment in favor of defendant entered upon a verdict directed by the court.

This action was brought to recover back a sum paid in satisfaction of an assessment for a local improvement.

The material facts are stated in the opinion.

*George G. Munger* for appellant. The trial court erred in directing judgment for the defendants. (*Redmond* v. *Mayor,*

SICKELS—VOL. XCIV.    1

*etc.*, 125 N. Y. 632; *Trimmer* v. *City of Rochester*, 134 id. 76.) The case should have been submitted to the jury according to the plaintiff's request. (*People* v. *Cook*, 8 N. Y. 67; *Besson* v. *Southard*, 10 id. 236; *Cagger* v. *Lansing*, 64 id. 417; *Dean* v. *M. E. R. Co.*, 119 id. 540; *Bagley* v. *Bowe*, 105 id. 171; *Koehler* v. *Adler*, 78 id. 287.) The facts constituting the illegality of the assessment were proven by testimony extrinsic of the record, and the testimony is conclusive that the plaintiff paid the assessment in ignorance of these facts. (Laws of 1873, chap. 335, § 91; *In re Blodgett*, 91 N. Y. 117; *In re French*, 93 id. 634; *Law* v. *Merrils*, 6 Wend. 268; *Cook* v. *Barr*, 44 N. Y. 156; *Constant* v. *University*, 111 id. 604; *H. P. Co.* v. *Hunt*, 9 N. Y. S. R. 31; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341; *McVay* v. *Mills*, 10 N. Y. S. R. 411; *Theobold* v. *Hatfield*, 13 id. 251; *Le Boutillier* v. *Fiske*, 47 Hun, 323.)

*George L. Sterling* for respondent. The payment was voluntary and the money cannot be recovered. (*Tripler* v. *Mayor, etc.*, 125 N. Y. 617; *Phelps* v. *Mayor, etc.*, 112 id. 216; *Van Nest* v. *Mayor, etc.*, 113 id. 625; *Vaughn* v. *Port Chester*, 115 id. 637; 135 id. 460; *Pooley* v. *City of Buffalo*, 122 id. 592; *Little* v. *Bowers*, 134 U. S. 547; *N. Y. & H. R. R. Co.* v. *Marsh*, 12 N. Y. 308; *Sanford* v. *Mayor, etc.*, 33 Barb. 147; *U. Bank* v. *Mayor, etc.*, 51 id. 139; *Peysen* v. *Mayor, etc.*, 70 id. 497; *Sexton* v. *Pepper*, 28 Hun, 31; *Lyon* v. *Richmond*, 2 Johns. Ch. 51; *Vanderbeck* v. *City of Rochester*, 122 N. Y. 285; *Lamborn* v. *County Comrs.*, 97 U. S. 181; *U. P. R. Co.* v. *Dodge County*, 98 id. 541; *O. S. N. Co.* v. *Tappan*, 16 Blatchf. 296; *Little* v. *Bowers*, 134 U. S. 547; *U. Ins. Co.* v. *City of Allegheny*, 101 Penn. St. 250.) The doctrine that an assessment is in substance a judgment, and, if paid, the payment is involuntary, does not apply in the city of New York. An assessment there is not a judgment, but is merely a claim that cannot be collected without obtaining an actual judgment of the court. (Laws of 1882, chap. 410, §§ 852, 915–954; *Scott* v. *Onderdonk*, 14 N. Y. 9.)

ANDREWS, Ch. J.    This case was before this court on a former appeal by the defendant, from an affirmance by the General Term of the judgment of the Special Term rendered on the first trial in favor of the plaintiff, on which appeal the judgment was reversed and a new trial ordered upon the grounds stated in the opinion (125 N. Y. 617).

In determining the present appeal, we must be guided by the former decision upon any question there decided, applicable to the case as now presented.    We held on the former appeal that the assessment, though valid on its face, was void for the reason that the work of constructing the sewer, for which the assessment was laid, was done by day's work, and not by contract, without the requisite authorization of the common council, following the cases of *Blodgett* (91 N. Y. 118), and *French* (93 id. 634), which involved the validity of similar assessments.    But the court further held that the imposition of the assessment, and the published notice requiring payment, given by the city in 1881, did not constitute coercion in fact so as to make the payment of the assessment in 1887 involuntary, no steps having been taken by the city, subsequent to the publication of the notice in 1881, to collect or enforce the assessment.    The court further held that the mere fact that the assessment was an apparent lien on the plaintiff's land, which might be followed by proceedings for its sale, where the city had remained passive for six years, did not constitute coercion in law so as to make a payment made in 1887, for the purpose of clearing the title, involuntary, unless the payment was made in ignorance of the facts which made the assessment illegal.    The court held that the burden was upon the plaintiff to prove that when the payment was made, she did not know that the assessment was void, and that this element of the case was wholly absent, and the learned judge who wrote the opinion referred to many circumstances appearing in the record, which justified an inference that she knew when she paid the assessment that it was invalid.    The court, therefore, reversed the judgment and directed a new trial, for the reason, as stated in the concluding sentence of

the opinion, that the "law required the plaintiff to prove that she authorized the payment in ignorance of the facts, and there is no such finding and no evidence in the case on which to base it."

The case went back to a new trial pursuant to the order of the court, and on the new trial the plaintiff sought to meet the point on which the reversal in this court proceeded, and gave evidence tending to prove that neither she, herself, nor the purchaser who paid the assessment under her authority out of the purchase money reserved, knew or had any notice when the payment was made of the facts invalidating it. The learned trial judge on that occasion, following the principle of our former decision, submitted the question of notice to the jury, who found for the plaintiff, and a verdict was rendered in her favor for the amount of the assessment paid, with interest. The General Term on appeal reversed the judgment entered on the verdict on the assumption that the evidence was the same as on the first trial. The case was tried a third time, on which trial the court directed a verdict for the defendant and denied the plaintiff's motion for leave to go to the jury on the question of knowledge, and the plaintiff appealed from the judgment entered on this direction, to the General Term, where the judgment was affirmed without an opinion.

We think the General Term was in error in supposing that the case was the same on the question of knowledge as on the first trial. It was radically different, the defect then existing being supplied by evidence on the part of the plaintiff, that neither she nor the purchaser had any knowledge of the infirmity which affected the assessment when payment was made. There are strong circumstances tending to an opposite conclusion, and a jury might well hesitate to accept the view sought to be established by the testimony of the plaintiff and her witnesses. But the question belonged to the jury and not to the court, who were the judges of the credibility of the witnesses, and the tribunal to make the inferences of fact deducible from all the circumstances and the

whole evidence.    The general principle that the owner of land incumbered by an assessment for a local improvement, apparently valid, enforcible in due course and at the will of the municipality, by a sale of the premises, may in good faith pay the assessment and relieve the land from the incumbrance, and thereafter, on discovering that the assessment was unauthorized and illegal, may recover back the money paid, is consonant with the sentiment of justice.    The rule doubtless is attended with some public inconvenience, and in many cases technical defects are relied upon to escape a just share of public burdens.    But on the other hand it is very important that taxation should find its warrant in the strict letter of the law and that municipal burdens on property shall only be imposed upon a compliance with all the substantial safeguards enacted for its protection.    The ordinary citizen is not advised of the steps which precede the imposition of an assessment.    He finds his property assessed and liable to be sold for non-payment of the assessment, and having innocently and in ignorance paid the charge, there is no injustice in requiring a return to him of the money.    If he had notice or was put on inquiry before the payment was made, and failed to pursue it, and there was no coercion in fact, he occupies a different position.    The question of the knowledge of the plaintiff should have been submitted to the jury, and for the error in refusing such submission the judgment should be reversed and a new trial granted.

All concur, except Earl and Gray, JJ., dissenting.

Judgment reversed.