Henry S. Wood, Plaintiff, v. The Mayor, Aldermen and Commonalty of the City of New York, Defendant.

*Voluntary payment — the payment, under protest, of an alleged exorbitant charge for a permit to build a vault in a city street — the sum so paid cannot be recovered.*

Upon an application made to the commissioner of public works of the city of New York for a permit to built vaults in front of premises, before part of which there existed an old vault, a permit to construct which had been previously paid for, the owner claimed that an insufficient deduction was made from the price charged for the new permit because of such existing vault, but, nevertheless, he paid under protest the amount demanded by the commissioner, as alleged, for the purpose of preventing litigation and so as not to delay the construction of buildings upon the premises.

*Held,* that the payment was voluntary and that the amount so paid could not be recovered by the owner from the city.

Motion by the defendant, The Mayor, Aldermen and Commonalty of the City of New York, for a new trial made upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance upon the verdict of a jury in favor of the plaintiff

rendered by direction of the court after a trial at the New York Trial Term.

*J. P. Berg,* for the plaintiff.

*W. B. Crowell,* for the defendant.

VAN BRUNT, P. J.:

The following facts appeared upon the trial : The plaintiff became the owner of the premises Nos. 112, 114 and 116 Bleecker street, in the city of New York, by deed dated July 14, 1896. The houses which formerly stood on said premises had been torn down, and there was an old existing vault in front of No. 112. A permit to construct said vault had been obtained by a former grantor of said premises in November, 1870, for which permit the sum of $251.50 was paid to the then commissioner of public works, and said vault was constructed and existed at the time of the conveyance of the property to the plaintiff. The plaintiff having made a contract with his grantor as to the erection of two houses, each thirty-seven feet and six inches wide, and for a builder's loan, he started the work and applied to the commissioner of public works for a permit to construct vaults in front of his premises, including the space occupied by the vault in front of No. 112. The commissioner stated that the charge would be two dollars a foot for the whole space, but that he would deduct and allow to the plaintiff seventy-five cents a foot, which had been paid in 1870 for the vault in front of No. 112. The plaintiff protested against paying this charge, which amounted to $437.50, but the commissioner would not issue the permit unless this sum was paid. The plaintiff, as he claims, to avoid litigation, and fearing that the erection of his buildings would be delayed and interfered with and he be put to great loss, paid the money under protest. This action was brought to recover back the amount charged by the commissioner for the space occupied by the original vault in front of No. 112.

It does not seem to be at all necessary to discuss the question as to the respective rights of the plaintiff and the city in regard to the validity of the position taken by the city, that the plaintiff had no rightful claim to the vault space under the sidewalk in front of No. 112. The payment of the sum for the permit to erect vaults in

front of the premises in question, including the space in front of No. 112, was voluntary, and hence cannot be recovered. The case of *Tripler* v. *The Mayor* (125 N. Y. 617) seems to dispose of any contention on the part of the plaintiff that he was coerced into making the payment. He applied to the commissioner for the permit. The commissioner claimed that the charge for the issuing of that permit would be the same, notwithstanding the occupation of a portion of the premises for which the permit was asked by the previous vault. The plaintiff, in order to avoid any question or possibility of delay in reference to the construction of his buildings, paid the amount, received his permit and constructed his vaults in accordance therewith. If he did not desire a new permit for the space occupied by the previous vault in front of No. 112 there was no necessity of his making an application therefor. In the case of *Tripler* v. *The Mayor* (*supra*) the plaintiff paid an illegal assessment to clear the premises assessed from the lien and incumbrance of the assessment in compliance with the terms of sale and deed from the plaintiff to the purchaser. The court held that the payment in question was made without any coercion ; that the plaintiff had paid voluntarily and could not recover.

It is urged that to constitute a voluntary payment the party paying must have had freedom to exercise his will, and that if he acts under any species of compulsion the payment is not voluntary. In the case at bar there is no evidence but that the plaintiff had the freedom of exercising his will. If his position was correct he had no necessity for any new permit so far as No. 112 was concerned, and he might very well have contented himself with an application for a permit as to the rest of the premises and then proceeded with his building if he could do so according to law. But as he wanted a new permit for the whole of the premises, and thought it was worth paying for, it is difficult to see how he can get the money back again.

The verdict must be set aside and a new trial ordered, with costs to defendant to abide the event.

PATTERSON, O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Verdict set aside and new trial ordered, with costs to defendant to abide event.