(26 Misc. Rep. 561.)

### PALMER et al. v. CITY OF SYRACUSE.

(Supreme Court, Special Term, Onondaga County. March, 1899.)

1. MUNICIPAL CORPORATIONS — INVALID ASSESSMENT — PAYMENT BY MISTAKE — RECOVERY.

    Plaintiff cannot recover money paid for invalid improvement assessments, on the ground that at the time of payment he was ignorant of the facts which rendered the assessment invalid, if the invalidity arose from the failure of the city to comply with certain charter and statutory provisions in making the improvements, as plaintiff was bound to know the law, and whether the city conformed to it in making the improvements.

2. SAME—DURESS.

    One who paid an invalid assessment on the last day on which it could be paid without incurring a penalty, but before the issuance of a distress warrant to collect the assessment, cannot recover the amount of the payment on the ground that it was made under duress.

Action by Manning C. Palmer and others against the city of Syracuse. Judgment for defendant.

Ceylon H. Lewis, for plaintiffs.
James E. Newell, for defendant.

HISCOCK, J. At the times involved herein, the plaintiffs were the owners of two tracts of land fronting, respectively, on Onondaga avenue and upon Tallman street, in the city of Syracuse. In 1893 proceedings were taken for the paving of each of said streets. Under the provisions of defendant's charter, said pavements could not be laid until water mains had been laid in said streets, and connections made from the mains to the curb lines of the street. Formerly

there had been provision for collecting the expenses of laying such water connections of the private company which supplied the city with water. At the times in question, however, municipal ownership of the water supply in said city had been perfected; but no provision had been substituted for that above mentioned, by which the city could secure repayment for expenses incurred in laying such curb water connections of property owners or otherwise. Notwithstanding such facts, the city ordered such water connections made. The property owners did not in any manner petition for, or consent to, said work. After the same had been made the defendant ordered the expenses thereof to be assessed upon the property owners along the lines of the streets in question, including the plaintiffs. This was done, an assessment being made up, whereby plaintiffs, in common with other property owners, were assessed for what was deemed their share of said expense upon each of the parcels of land owned by them; the aggregate of the two assessments being the amount above mentioned, which they are seeking to recover in this case. After said assessment was made up, and on or about March 27, 1894, it was delivered to the city treasurer, for collection of said taxes. He gave the notices required by law, and on the last day of the period within which such taxes could be paid without additional fee, plaintiffs paid their said assessments. At the time they paid them, no warrant had been issued for collection of said taxes by a distress and sale of personal property, or proceedings taken for the sale of real estate for the payment of said taxes; and no such proceedings had been or were threatened, or could be instituted for a long time to come. The only injury which plaintiffs could have suffered, for a long period after the date upon which they made payment, for nonpayment, would have been the gradual accumulation of fees upon said taxes. Eventually, if said assessments had not been paid, said city would have had the right to attempt to collect them by distress and sale of personal property, or by sale of real estate. Under the provisions of the defendant's charter, a warrant delivered to the treasurer, in case of unpaid assessments, like these, was made presumptive evidence that all the previous proceedings, including the assessing and levying of the tax, were regular and according to law; and every conveyance, in pursuance and enforcement of such unpaid assessments, executed by the treasurer under his hand and the seal of said city, was made conclusive evidence that the sale was regular, and also presumptive evidence that all previous proceedings were regular and according to law and the provisions of this act.

Upon facts substantially similar to those above recited, in the case of similar assessments for like work, and upon the additional facts appearing that the property of plaintiff in that case was advertised for sale for nonpayment of the assessment, and that the treasurer of the defendant threatened and intended to sell the property as advertised, it was held in the case of Landon v. City of Syracuse, 19 App. Div. 41, 46 N. Y. Supp. 1053, that the assessment was invalid, and that plaintiff might bring an action to have the same set aside as a cloud upon his title to real estate. That decision, however, is not necessarily decisive, in plaintiffs' favor, of the questions involved

here. It was decided there that the assessment was invalid; that owing to the provisions of the defendant's charter giving certain presumptions in favor of the regularity and validity of the warrant for the collection of such assessments, and of the deed which might be executed upon the sale for the collection thereof, evidence dehors the record would be required to establish such invalidity; and that, therefore, upon well-recognized principles of equity, plaintiff would not be compelled to wait until somebody should seek to take his real estate under proceedings upon said assessment, but might be allowed to anticipate such possible taking, and have the assessment removed as a cloud. In the case at bar, however, while resting upon the alleged invalidity of similar assessments as a basis for their action, plaintiffs are seeking quite a different remedy. They are seeking, in effect, to reverse their own action with reference to said assessments, and to recover back moneys which they have paid in satisfaction thereof. There is no doubt but what, under proper circumstances, they have a right to maintain an action in equity, in form such as this; seeking to have declared invalid an assessment, and to recover back moneys paid thereon. Under the decision above quoted, it may be regarded as adjudicated that the assessments complained of were invalid. But, assuming that fact, it is necessary for plaintiffs, before they can succeed, and recover back their moneys, to establish at least one of two propositions: They must show either that they paid said assessments in ignorance of, or through a mistake as to, the facts which rendered said assessments invalid, or that such payment was extorted from them through recognized legal duress or coercion, so that it was not a voluntary payment. I do not believe that plaintiffs, by their evidence, have established either one of these propositions, and I will consider their case in connection with them in the order stated.

The mistake as to said assessments which will enable plaintiffs to recover must, of course, be as to the facts upon which it rested. No ignorance or misapprehension of the law which covered such assessments will enable them to secure relief. Plaintiffs, by their complaint, and upon their argument, have asserted two grounds upon which said assessments were invalid. In the complaint it is alleged that, at the times when these connections were made and these assessments laid, there was no provision of law whatever for the assessment and collection of the cost and expense of water connections in said city of Syracuse, and no statutory provision under and by virtue of which such tax could be assessed, levied, or collected. If this contention is correct, and states the test by which the invalidity of said assessments is established, it affords plaintiffs no ground for relief. They were chargeable with knowledge of the law upon this subject, and it is immaterial whether, at the time when they paid the assessments, they understood the law as they now claim it to have been, or misapprehended it, and believed that it did legalize the work and assessment in question. In either case their payment involved a question and construction of the law, and no relief could be afforded to them, even though they misapprehended it.

Plaintiffs then urge, as a second ground of the invalidity of said assessments, that said work and assessments were not in accordance with the provisions of the charter of defendant governing such subjects. Section 139 of defendant's charter provided, at the times in question, as follows:

"Before any local improvement shall be undertaken except for the construction, repair or reconstruction of sidewalks it shall be necessary for the owners of at least one-third of the total number of front feet, lineal measurement, or at least one-third in number of the owners of the property, on the street or part of street in or upon which the proposed improvement is to be made, to petition, request or consent in writing for the making thereof. Upon the receipt of any such petition, request or consent for any local improvement, the common council, if it shall determine to make the improvement asked for, shall cause a printed or written notice of the proposed improvement to be served on the persons owning property fronting upon the street or part of a street in or upon which such improvement is proposed to be made."

### Section 140 further provided that:

"Such notice shall be served at least ten days before the improvement shall be ordered by the common council, and shall specify the time within which any person interested may object to such improvement."

Plaintiffs have not discharged the burden of showing ignorance or mistake of facts leading up to said assessment by any very direct or conclusive evidence in their favor. Tripler v. City of New York, 125 N. Y. 625, 26 N. E. 721. The only proof upon that subject is in the form of a concession by defendant's counsel that plaintiffs paid the assessments believing that they were valid. It seems to me, upon the other hand, that they must be charged with knowledge of those facts which, under the sections just quoted, and under the contention of their counsel predicated thereon, made said assessments invalid. The provisions of the charter notified them that these assessments could not be valid unless made for work which had been properly authorized and done; that said improvements could not be authorized except by the common council, which authorization must, in turn, be based upon a petition made by property owners, and after notice of such work and improvement had been duly given to the property owners, and an opportunity offered to them to object thereto. In a case such as this it is immaterial that the facts invalidating an assessment, and with knowledge of which the assessed are to be charged, are outside of the record which would be presented by a person claiming title to real estate under proceedings and a sale upon such an assessment. Plaintiffs knew that they had never signed a petition for this work, and that, so far as they knew, one had never been circulated among the property owners. The briefest investigation of the records of the city clerk's office would have shown, so far as the evidence discloses, that no such petition was ever made; and it would seem to me that reasonable inquiry should have led plaintiffs, when they themselves had neither signed nor heard of any such petition, to go to the clerk's office and see whether one in fact existed. Tripler v. City of New York, 139 N. Y. 1, 5, 34 N. E. 729, second appeal. But, outside of this, the provisions of the charter in question required that, before this

work could be authorized, notice should be given to every property owner of the proposed work, and of the time when he could be heard in opposition thereto. This was absolutely indispensable to the validity of said work, and the assessment to recover the expense thereof by the city. Plaintiffs are certainly to be charged with knowledge of the fact that no such notice as that was ever given to them, and that, therefore, this assessment in question was invalid. Tripler v. City of New York, 125 N. Y. 617, 625, 26 N. E. 721.

It seems to me, therefore, that, upon either contention advanced by plaintiffs of the invalidity of these assessments, they have not only failed to show a mistake of facts such as is necessary, but have shown themselves to be chargeable with notice of the law and facts invalidating the assessments.

I pass now to the consideration of plaintiffs' contention of a payment made under duress, and involuntary. The assessments, while valid on their face, were invalid for reasons chargeable to the knowledge of the assessed. They were represented by an assessment roll in the hands of a city officer, who at the time of payment, and for a long period after, as the only penalty for nonpayment, could add certain fees. The provisions for sale of personal or real estate could only take effect a long time after the payment. The authority to so proceed by distress and sale was permissive, not mandatory. McLean v. Myers, 134 N. Y. 480, 32 N. E. 63. At the time of payment no attempt was being, or could be, made to enforce such provisions, nor was any threat made that resort ever would be had to that. The specific question, therefore, is whether duress and coercion can be predicated and inferred from such an assessment, merely as against a payment otherwise voluntary. As indicated above, I do not think it can. The general rule established upon this subject is that: .

"A voluntary payment of money under a claim of right cannot, in general, be recovered back. To warrant such recovery, there must be compulsion, actual, present, and potential, and the demand must be illegal. In the absence of any such compulsion, a mere protest is not sufficient. The element of coercion is essential to the right." Lesster v. Mayor, etc., 33 App. Div. 350, 354, 53 N. Y. Supp. 934.

A mere assessment, which at the time of payment carries with it, as a penalty for nonpayment, the addition of fees or interest, and under which there is not, and for a long period cannot be, actual attack upon person or property, does not come within this rule. In many of the cases cited by plaintiffs to sustain their position upon this question, it will be found that the decision of the court was given upon a demurrer to a complaint, and that the complaint clearly set forth, either a mistake of fact, or an actual, present duress and compulsion, such as is indicated in the above rule. In other cases, such as that of Bruecher v. Village of Port Chester, 101 N. Y. 240, 4 N. E. 272, cited by plaintiffs, it appeared that a valid warrant was out for the collection of the taxes, and that there was coercion in fact. The case of Peyser v. Mayor, 70 N. Y. 500, cited, does at first appear to sustain the contention that

a mere assessment, unenforceable at the time by warrant or sale, does furnish such duress or coercion as to make the payment of it involuntary. But, if it was the intention to so hold in that case, 'the holding was limited in Tripler v. City of New York, 125 N. Y. 617, 628, 26 N. E. 721, where it was decided that the decision in the Peyser Case was to be regarded as made upon the assumption that the payment in question was made in ignorance of the facts. In the Tripler Case, just cited, it was held that an assessment under a law which provided for accumulations of interest and penalties, and under which no proceedings were taken or threatened of distress or sale of property, did not authorize a finding of coercion of payment made after the period for the accruing of the various penalties had been completed. The opinion (page 631, 125 N. Y., and page 7, 26 N. E.) refers to, without passing upon, plaintiff's contention that, because the statute in that case imposed interest on the principal sum of the unpaid assessment, a payment to prevent the accruing of interest was an involuntary one. That is substantially the law governing this assessment, as it existed at the time of payment; and, if such a provision for the accumulation of penalties did make a payment involuntary, plaintiffs, perhaps, might sustain their claim of coercion. But in the following cases, where similar facts existed, it was, in effect, held that duress did not exist: United States Trust Co. v. Mayor, etc., of City of New York, 77 Hun, 182, 190, 28 N. Y. Supp. 344; Vanderbeck v. City of Rochester, 122 N. Y. 285, 289, 25 N. E. 408; Pooley v. City of Buffalo, 122 N. Y. 592, 601, 26 N. E. 16; Phelps v. Mayor; etc., 112 N. Y. 216, 222, 19 N. E. 408; Wood v. City of New York, 25 App. Div. 577, 49 N. Y. Supp. 622.

In accordance with the foregoing views, judgment is directed in favor of defendant, with costs.

Judgment for defendant, with costs.