■ JEMKAP, INC., Appellant, v. COUNTY OF SUFFOLK et al., Respondents. — In an action to recover special district and school taxes for the year 1959–1960 [first cause of action] and for the year 1960–1961 [second cause of action], levied by the defendant town on two parcels of real property formerly owned by the plaintiff, in which the plaintiff claims that it paid such taxes by mistake, and in which the defendant town and the defendant Frank Crowitz, its receiver of taxes, asserted as to each cause of action a separate cross claim against the defendants County of Suffolk and Chester F. Jacobs, its treasurer, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County, dated July 2, 1964, as denied its motion for summary judgment with respect to both causes of action. As authorized by statute (CPLR 3212, subd. [g]), the court found, as established for all

purposes in this action, that: (1) such taxes had been paid; (2) the defendant county had acquired title to the two parcels of property on June 25, 1959, by condemnation; and (3) the plaintiff received no notice of the condemnation proceedings until January, 1960. None of the parties has appealed with respect to such findings. Order modified on the law so as to provide: (1) that plaintiff's motion for summary judgment is granted against the defendant town and the defendant Crowitz with respect to the first cause of action; and (b) that entry of judgment upon such first cause of action be held in abeyance pending determination of the remaining issues in the action, namely, the issues upon the second cause of action and the cross claims with respect to both causes of action (CPLR 3212, subd. [e], par. 2). As so modified, order, insofar as appealed from, affirmed, without costs. In our opinion, the defendants' affidavits did not raise any question of fact concerning plaintiff's lack of notice of the county's acquisition of title by condemnation of plaintiff's property on June 25, 1959. Plaintiff's payments in December, 1959 of the town's 1959–1960 assessments could not, therefore, be deemed to have been voluntarily made (cf. *Lesster* v. *Mayor of City of N. Y.*, 33 App. Div. 350, affd. 161 N. Y. 628). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.