PITCHER *vs.* THE TURIN PLANK ROAD COMPANY.

Where a person, on being threatened with a suit in behalf of a plank road company, for the recovery of a penalty of $25, which both parties supposed he had incurred by running through the gate of the company, paid $10 to compromise or settle such suit, when in fact no penalty was recoverable in

Pitcher *v.* The Turin Plank Road Company.

such a case; *Held* that the money so paid might be recovered back, on the ground that the mistake was one of fact, rather than of law.

In such a case the rule that no man is excused by reason of ignorance of the law, does not apply.

Where the party making such a compromise is an *infant*, it is a case in which the acts of the infant may be inquired into, for the purpose of seeing whether they are beneficial to his interest, or not.

THIS was an appeal by the defendants from a judgment of the county court of Lewis county, affirming the judgment of a justice of the peace. The action was brought · by the plaintiff, after attaining full age, to avoid an agreement made during infancy for the compromise of a suit with which he was threatened, and to recover back money paid in pursuance of such agreement. The justice rendered a judgment in favor of the plaintiff for $10 and costs.

*Alanson Barnes*, for the plaintiff.

*E. A. Brown*, for the defendant.

*By the Court*, GRIDLEY, P. J. The plaintiff in the justice's court sued the plank road company to recover back the sum of ten dollars, which he had paid to compromise or settle a threatened suit against him, for the penalty of $25 for running the gate of the defendant. It is true the plaintiff would be liable at common law for the trespass; but the justice must have found that the compromise was made under the mistaken supposition that he was liable for the penalty of twenty-five dollars; and that finding, even if founded on less conclusive evidence than it is, would be binding on this court. (*Noyes* v. *Hewitt*, 18 *Wend.* 141. *Stryker* v. *Bergen*, 15 *Wend.* 490.)

The mistake was mutual; both the agent of the company and the plaintiff supposed that the clause giving the penalty, in the turnpike act, had been incorporated into the plank road act, of 1847. The mistake therefore was not a pure mistake of law. It was in one sense a mistake of fact. Neither party supposed that a penalty of $25 was given by the common law. Neither

Pitcher *v.* The Turin Plank Road Company.

party had any doubt that if the statute had given a penalty for running a gate situated on a plank road, the penalty was collectable. Both parties assumed that a section giving the penalty had been incorporated into the plank road act. In that assumption they were mistaken. It can not be doubted that this mistaken belief was a powerful motive with the plaintiff in making the settlement. If he could compromise a liability for $25 by the payment of $10, we can all see it would be a wise and prudent act to do so. Whereas he might be willing to take his chance of a suit at common law, where the damages might be nominal only.

No one will dispute the *general* proposition that ignorance of the law excuses no one; every man being presumed to know the law. But I do not think that rule applies to the present case. This, as I before remarked, is not a case of pure mistake of law. It was a compromise of a claim for a *penalty,* which the law did not give. It was not a compromise of a doubtful claim; but of a claim for which there was no foundation at all, when it was ascertained that the penalty in question had not been applied to plank roads. It was a case where the settlement was made under the mistaken idea that the act giving the penalty had been applied to plank roads. In such cases the rule that no man is excused by reason of ignorance of the law does not apply. The daughter of a freeman of London had a legacy of £10,000 left her by the will of her father, on condition she should release her orphanage share. She accepted the legacy and executed the release. This release was set aside, although no fraud was imputed to the executor; the orphanage share being £40,000. Judge Story says "*it was a case of clear surprise in matters of fact as well as law.*" (*Story's Equity,* §§ 117, 118.) So in *Evans* v. *Llewellyn,* (cited 1 *Sto. Eq.* § 119,) the decision was placed entirely on the ground of surprise, "the conveyance having been obtained and executed *improvidently.*" Lord Kenyon said "the party was taken by surprise. He had not sufficient time to act with caution, and therefore, though there was no actual fraud, it was something like fraud, *for an undue advantage was taken of his situation.* I am of opinion that the party

was not competent to protect himself." The application of this doctrine to the case under consideration will be apparent when we remember that one of the parties was an infant, and the other party was threatening to make him pay the $25 " *or put him through on it,*" unless he paid the $10.

Again; where one has a clear title, and under the idea of a compromise gives away a part of what was by law his own, he is entitled to relief. Not however where there is a *disputed* question, and the compromise is fair. Judge Story says " in the former cases the party seems to labor, in some sort, under a mistake of fact as well as of law. He supposes as a matter of fact, that he has no title, and that the other party has a title to the property." (*Stor. Eq. Jur.* § 130.) In this case the plank road company claimed to have a clear right to the penalty of $25; and the plaintiff was induced to believe that they had such a right, by the mistaken supposition that such a claim was made applicable to the plank road act. Now when it turns out that this was a common error of both parties, the plaintiff is entitled to relief, on the ground that the mistake was one rather of fact than of law.

The decision may well rest upon the ground on which the county judge has placed it; viz. that this is a case where the acts of the infant may be inquired into for the purpose of seeing whether they are beneficial to his interest, or not. This has been done by the justice, who determined that the settlement or compromise was not beneficial to his interests, and set it aside. In the case of *Keane* v. *Boycott*, (2 *H. Black.* 511,) Lord Chief Justice Eyre laid down the rule that when the court could pronounce the contract for the *benefit* of the infant, as for necessaries, it was good; when the court could pronounce it to be for the *prejudice* of the infant it was *void ;* and in those cases where the benefit or prejudice were uncertain, the contract was voidable only. In the case of *Grace* v. *Wilber*, (10 *John.* 455,) it was held that an infant was not liable to be enrolled in the militia, while under eighteen years of age. And though he agrees, with the consent of his father, to serve as a substitute for another, in consideration of a certain sum of money, *which is paid*, such a

contract is not binding on the infant; and, the infant having deserted and having been apprehended as a deserter, brought his action for trespass and false imprisonment against the officer arresting him, and recovered. Now upon these authorities, it was for the justice to decide whether the $10 were paid to settle the claim for the *penalty,* or to settle the whole claim against the plaintiff, for trespass at common law for running through the gate. He has found, as we must conclude, that the money was paid solely to settle the claim for the penalty, when no law existed making him liable to a penalty. Having come to that conclusion, he must have held that a settlement of a claim which had no legal existence, and the contract for the payment of ten dollars, in liquidation of such a claim, was not beneficial to the infant. If the justice held thus, and we must presume that he did, then we are not at liberty to review his judgment. There was at least some evidence on which he founded his judgment. (*See* 18 *Wend.* 141.) This decision the county judge held to be binding on him; and we must regard it as conclusive upon us.

Judgment affirmed.

- • -

SAME TERM.    *Before the same Justices.*