(119 App. Div. 91)

### BETZ v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 19. 1907.)

TAXATION—RECOVERY OF TAX PAID—VOLUNTARY PAYMENT—MISTAKE OF FACT.
  Where taxes were paid and received under the mutual mistake that the property on which they were levied was taxable in New York City, the payment was not voluntary, since not made with knowledge, either presumed or actual, that the levy was void, and they may be recovered.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 1001.]
  Hooker and Miller, JJ., dissenting.

Appeal from Trial Term, Nassau County.
Action by Elizabeth Betz against the city of New York. From a judgment for plaintiff, defendant appeals. Affirmed.
Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Curtis A. Peters (George S. Coleman, on the brief), for appellant.
Michael C. Gross, for respondent.

GAYNOR, J. By chapter 379, p. 832, of the Laws of 1899, which
went into effect April 21, 1899, a small part of the territory of the
Borough of Queens, City of New York, was detached from the city
and made a part of the adjoining Town of Hempstead in the County of
Nassau. Nevertheless, in levying the annual tax of the city for that
year in the following August it was included by mistake. On October
2, 1899, the plaintiff's agent paid the amount thus set against her
property to the receiver of taxes of the city. Being in doubt whether
he had to pay taxes on the property in the city or in the town of
Hempstead—i. e., whether the property was within the limits of the
former or of the latter—he went to the office of the said receiver in
the Borough of Queens and inquired. The person in charge informed
him that they were payable to the city, and made out and gave him
a bill therefor on which the land was described by lot, block and ward
numbers as in the Borough of Queens. This was a distinct rep-
resentation that the land was in the city. He paid the bill relying
upon its accuracy.

The payment was made under a mutual mistake of fact. The mis-
take originated with the city's officials. They included the land in the
city's tax books as a part of the city's territory and extended a tax
against it, all by mistake. The plaintiff's agent united in their mis-
take, being encouraged and confirmed in it by the statement to him
at the tax receiver's office and by the tax bill, and paid the tax. For
the city to keep the amount paid is wholly unjustifiable from any moral
standpoint. An individual who should try to do the like would be
deemed a dishonest man.

The rule stated in numerous decisions, that payment without coer-
cion of a tax or assessment (1) which is void on its face, but not
known by the payor to be void, or (2) of a tax or assessment which is
void, but not void on its face, with knowledge by the payor of facts
de hors which make it void, is not recoverable back, has no applica-
tion to the present case. Such payments are technically called vol-
untary payments. The payment in this case does not come under that
head at all. It was voluntary in the large sense, but is not within the
legal definition of what are termed voluntary payments. In the case
of payment without coercion of a tax or assessment void on its face
as matter of law, the conclusive legal presumption that every one
knows the law, regardless of whether that be the truth as matter of
fact or not in the particular case, makes the payment a voluntary one,
i. e., a payment made with knowledge that the tax or assessment is
void. In the case of like payment of a tax or assessment not void on
its face, knowledge at the time by the payor of facts de hors which
make it void, also makes the payment a voluntary one, i. e., a payment
made with knowledge that the tax or assessment is void. In each
case the knowledge that the tax or assessment is void is the basis on
which the payment is declared to be a voluntary one. But where
the facts de hors which make it void are not known to the payor, such
basis does not exist. There the payment is not voluntary, for it can

be such only when made with knowledge, either presumed or actual, that the levy is void. Instead of being made in the present case with knowledge of the fact that the tax was void, it was made and received under a mutual mistake of a fact on which the validity of the tax depended, and money so paid is always recoverable back. Mowatt v. Wright, 1 Wend. 355, 19 Am. Dec. 508; Pitcher v. Turin Plank R. Co., 10 Barb. 436; Thompson v. Otis, 42 Barb. 461; Kingston Bank v. Eltinge, 40 N. Y. 391, 100 Am. Dec. 516; Vanderbeck v. City of Rochester, 122 N. Y. 285, 25 N. E. 408; Davis v. Kling, 77 Hun, 598, 28 N. Y. Supp. 1026.

The judgment should be affirmed.

Judgment affirmed, with costs.

HIRSCHBERG, P. J., and JENKS, J., concur.

HOOKER, J. (dissenting). The plaintiff has recovered of the defendant, the city of New York, judgment for a sum of money which she paid as taxes to it on October 2, 1899. The property of the plaintiff, which was apparently subject to this tax, became a part of the city of New York on the 1st day of January, 1898; but on the 21st day of April, 1899, an act of the Legislature took effect which removed this property from within the city of New York, and thereafter it became part of the county of Nassau. From and after the second Monday of January, 1899, the tax commissioners of the city took steps which, on the 8th day of August, 1899, resulted in a levy of the tax, which the plaintiff paid, several months after the separation of her property from the city.

The plaintiff was not called as a witness. The only witness who testified for her was her agent, who stated that after he heard that the taxes which had been levied were to be paid to the city of New York he went to the tax office in Long Island City and there made inquiry; that he was there informed that the taxes in question were to be paid to this defendant, and he reported what he had learned to the plaintiff. He then testified:

"She [the plaintiff] wanted to save some interest. The object of paying this at once was to save interest, to save the property being sold. It was paid on the first day the taxes were payable."

This is the only evidence as to why or the circumstances under which the tax was paid.

It is conceded, and is doubtless the fact, that the levy of the tax in question was without authority of law. But there is no finding, and none could well have been made, that there was mistake of fact on the part of the plaintiff in the payment. The mistake, if any, was one purely of law. But money may not be recovered back when paid under such mistake. "It is settled at law, and the rule has been followed in equity, that money paid under a mistake of law with respect to the liability to make payment, or with full knowledge, or with means of obtaining knowledge of all the circumstances, cannot be recovered back." See Newburgh Sav. Bank v. Town of Woodbury, 173 N. Y. 55, 60, 65 N. E. 858.

The learned trial court, who heard this case without a jury, found that the payment was "involuntary," and the respondent seeks to uphold the judgment on the theory that the payment was made under coercion by law. The ·distinction between coercion in fact and coercion by law, in cases of this character, is drawn by the court, per Folger, J., in Peyser v. Mayor, etc., 70 N. Y. 497, 26 Am. Rep. 624, where this language is used:

"I have spoken of coercion in fact and coercion by law. By the first I mean that duress of person or goods, where present liberty of person or immediate possession of goods is so needful and desirable, as that an action or proceedings at law to recover them will not at all answer the pressing purpose. Duress of person is· exemplified in Foshay v. Ferguson, 5 Hill, 154; Eadie v. Slimmon, 26 N. Y. 9, 82 Am. Dec. 395. The cases of Maxwell v. Newbold, 18 How. (U. S.) 511, 15 L. Ed. 506, and Harmony v. Bingham, 12 N. Y. 99, 62 Am. Dec. 142, illustrate what is duress of goods. It may be well to say that there can be no pretense in this case of a coercion in fact. There was no taking or threat of taking goods. The oral protest was of no import, save to show that there was not an assent to the proceedings. Flower v. Lance, 59 N. Y. 603, 610. Coercion by law is where a court, having jurisdiction of the person and the subject-matter, has rendered a judgment which is collectible in due ·course."

See Wilcox v. Mayor, etc., 53 N. Y. Super. Ct. 436.

My conclusion is that, so far as the record before us presents the facts, the payment of the tax in question was voluntary, and may not be recovered back from the city.

The judgment should therefore be reversed and a new trial granted, costs to abide the event.

MILLER, J., concurs.