NATHAN REZNIKOFF, Respondent, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.— Motion for reargument or to modify decision and order denied, without costs. Motion for stay denied, without costs. [See *ante,* p. 785.] Present — Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ.

GEORGE RINGHOFF, Respondent, v. LINCOLN SERVICE INC., et al., Appellants.— Motion for reargument denied, with ten dollars costs. [See *ante,* p. 824.] Present — Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ.

SARAH SUMMERS, Respondent, v. SYDELLE FRIEDBERG, Appellant-Respondent, EDWARD GOLDBERG, Defendant-Appellant, et al., Defendants.— The motion is referred to the court that rendered the decision on the appeal. Present — Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ.

The motion to substitute Pearl Brooks, as administratrix of the goods, chattels and credits of Sarah Summers, deceased, as plaintiff-respondent herein in place of Sarah Summers, *nunc pro tunc,* and to amend the title of the action is granted. The order of this court dated January 17, 1944 [*ante,* p. 825], is amended accordingly. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ. [See *post,* p. 878, *sub nom. Brooks* v. *Friedberg.*]

BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 3, TOWN OF EASTCHESTER, Respondent, v. BOARD OF EDUCATION OF THE CITY OF MOUNT VERNON, Appellant.— Action pursuant to section 567-a of the Education Law to recover the amounts of school taxes levied and collected by defendant on certain properties, the dwellings of which are intersected by the boundary line between adjoining school districts within the respective jurisdictions of the parties. Defendant counterclaims for repayment of school taxes paid by it by reason of a mutual mistake of fact, namely, that the boundary line did intersect certain dwellings. Judgment for plaintiff modified on the law by striking therefrom the dismissal of defendant's first, second and fourth counterclaims and in place thereof inserting a provision awarding further judgment to defendant on said counterclaims in the sum of $173.47, $185.09 and $198.47, respectively, with interest, and reducing judgment for plaintiff accordingly. As so modified, the judgment is unanimously affirmed, without costs. Defendant is entitled to repayment of the taxes set forth in the first, second and fourth counterclaims unless the payment by defendant caused a change in the position of plaintiff. (*Mayer* v. *Mayor,* 63 N. Y. 455; *Ball* v. *Shepard,* 202 N. Y. 247.) There was no such change. Even though children residing in the affected dwellings were, with knowledge and approval of defendant, received and instructed in the public school district without payment of tuition, it is not shown that, during the pertinent period, defendant required plaintiff to receive and instruct them or declined so to do in its own schools without payment of tuition. The doctrine of estoppel is inapplicable as against defendant, a public corporation, and the original payment was a void and illegal act. (*Village of Fort Edward* v. *Fish,* 156 N. Y. 363, 373–374; *N. Y. City Employees' Retirement System* v. *Eliot,* 267 N. Y. 193; *New York Tel. Co.* v. *Bd. of Education,* 270 N. Y. 111.) Findings of fact and conclusions of law inconsistent herewith are reversed and disallowed and new findings of fact and conclusions of law will be made. Settle order on notice. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.