M. S. H. REALTY CORP., Respondent, v. CITY OF NEW YORK, Appellant, et al., Defendants.

Supreme Court, Appellate Term, First Department, May 8, 1947.

*Charles E. Murphy, Corporation Counsel* (*William F. Murphy, Morris Handel* and *Joseph V. Rubino* of counsel), for appellant.

*Leonard J. Reich* for respondent.

SHIENTAG, J. The plaintiff corporation is the owner of premises 850 Manida Street, The Bronx, a plot of ground known as block 2740, lot 62, on the county land map. The plaintiff brings this action to recover a payment of $139.01 with interest, made to the defendant City of New York allegedly through the negligence of the agents of the city.

According to the testimony, on April 28, 1943, Mrs. Rose Gross, an officer of the plaintiff, called at the city collector's office with an old tax bill. She went to the clerk at the window and gave him the old bill, saying " Give me a bill. I would like to pay my tax." The old bill covered taxes accruing in 1940-41. It recited the correct block, 2740, and the correct lot, 62. The clerk made out a bill for the taxes due for 1942-43 and rendered a bill covering block 2640, lot 62. The bill rendered stated in large type: " Make sure that you are paying the right bill. Compare your deed with the maps in the Tax Department to check property description shown herein. If this bill does not affect your property, apply for a bill that does." She paid the bill and the amount was credited to the plot at block 2640, lot 62.

Mrs. Gross testified that she had said to the clerk " Give me the right bill, I want to pay the correct bill," and he said " Yes, that is the correct bill, go over to the window there next and pay the bill."

Later the mortgagee of plaintiff's property threatened to foreclose because the taxes had not been paid, and the error was discovered. The tax collector's office insisted that the taxes be paid on block 2740, which on the records had remained unpaid. A claim was made against the city and on the rejection of the claim this action was brought.

As an answer to the complaint, the City of New York denies any negligence and pleads a special defense of estoppel. The estoppel consists of the fact that the owners of block 2640, lot 62, transferred their property to innocent purchasers for value before any notice of the error was given to the city and that consequently the city is under a disability to claim under its lien as against the premises block 2640, lot 62. In short, owing to the error, the position of the city has been changed and it cannot be made whole if it credits the plaintiff with the payment.

Manifestly if we were to disregard as surplusage the allegations of negligence in the complaint we would be unable to give judgment against the city on the theory of unjust enrichment, since the city's position has been changed, and in fact the city has not been unjustly enriched.

On the record as it stands, it is clear that the city does not guarantee the accuracy of bills rendered and instructs all taxpayers to check the premises charged for in the bill against the tax maps. Such a requirement by the municipality is not unreasonable. It is apparent that clerical errors of this sort may very easily occur. The onus of being certain that taxes are paid certainly rests on the taxpayer and on principle should not be

shifted to the city, which merely furnishes a bill on request, the accuracy of which can easily be checked. The attempt to make the clerk vouch for the accuracy of the bill amounts to nothing more than making the clerk plaintiff's agent in verifying the correctness and is not binding on the city.

The intention of the law may be seen from the Administrative Code of the City of New York (§ 415[1]–15.0), which provides for the issuance of a bill where the party interested in the property registers his name and post-office address with the Bureau of City Collections. In such case the statute provides for the mailing of the bill to the person registered with the bureau. The statute, however, also provides that failure to comply with these provisions " * * * shall in no manner affect the validity or collectibility of any assessment heretofore or hereafter confirmed, nor shall any claim arise or exist against the comptroller, the treasurer, the city collector or any officer of the city by reason of such failure." This clearly expresses the policy of the law against burdening the city with claims of negligence for this type of error. The statute should be given a broad interpretation. It cannot be that action should be barred against the various collecting officers of the city in their representative capacity and yet be allowed against the city itself.

In view of the notice on the tax bills that the verification of its accuracy depends upon the taxpayer, we fail to find any evidence of negligence in the record as presented.

The judgment should be reversed with $30 costs, and the complaint dismissed, with costs.

HECHT, J. (dissenting). Plaintiff's representative went to the collector's office to pay the taxes on plaintiff's lot. She handed the clerk at the window an old bill upon which the lot and block number correctly appeared, stated she wanted a bill for the second half of 1942-43; he gave her a bill and told her to go over to the next window and pay it, and she accordingly went there and paid $126.65, the amount of the bill. However the clerk made a mistake, for instead of making out a bill for lot 62, block 2740, as noted on the old bill, he gave her one for lot 62, block 2640. About a year later the mortgagee called plaintiff's attention to the fact that the taxes on the property were not paid, and upon threat of foreclosure and the collector's refusal to credit the prior payment she again paid the taxes.

Here we have a case of a mutual mistake of fact —a mistake originally that of the city's official, the plaintiff uniting in such mistake and paying the tax. " For the city to keep the amount

paid would be wholly unjustifiable from any moral standpoint. An individual who should try to do the like would be deemed a dishonest man." (*Betz* v. *City of New York,* 119 App. Div. 91, 92, affd. 193 N. Y. 625).

Further, from the standpoint of negligence I do not think that in the circumstances the taxpayer was chargeable with contributory negligence as matter of law in not checking up as to the correctness of the clerk's work in making out the bill, in accordance with the advice on the face of the bill. It seems to me that Mrs. Gross had a right to assume the bill was correct and to go to the cashier and pay the bill as directed. The city cannot make law for the taxpayer by requiring him to check up against its own mistakes.

It is said in the majority opinion that the provision of the Administrative Code referred to, which exempts the city and its officers from liability for failure to notify registrants of assessments, indicates an intention on the part of the Legislature to exempt defendant from liability in this case. It would seem an undue stretch of imagination to put the mere omission to notify property owners of assessments in the same category with affirmative negligence of the defendant resulting in the exaction of double payment of taxes. Indeed the contrary intention is manifest.

No claim of unjust enrichment is made against the city.

I vote for affirmance.

EDER, J., concurs with SHIENTAG, J.; HECHT, J., dissents in opinion.

Judgment reversed, etc.