Richard J. Cardamons, J.
The plaintiffs move for summary judgment in an action instituted by them against the City of Utica to recover for 1967 real property taxes paid to the city.
The plaintiffs’ real property, located at 1919 Dwyer Avenue, Utica, was appropriated by the State of New York by condemnation. The State took title on October 31, 1966. During the year 1967 the plaintiffs, without being aware of the fact that the State’s filing of a map constituted a taking of the title, and having received as they claim in the oral argument, tax bills *856 from the City of Utica for city taxes for the year 1967, paid the same. The amount of the real estate taxes paid by the plaintiffs to the defendant city amounted to the sum of $1,434.64.
The defendant’s answer consists of a general denial.
The taxable status date for the City of Utica is September 10. Under section 14-20 of the City Charter the lien date for the City of Utica is the date when the tax lists are delivered to the City Treasurer and the lists for the taxable year 1967 were delivered on May 9, 1967. The State of New York acquired the plaintiffs’ property by filing the requisite map in the Oneida County Clerk’s office on October 31, 1966. School taxes were paid on the subject property by the plaintiffs on September 23, 1966 for the 1966-67 year; the 1967 county tax was not paid.
On or after October 31, 1966 the State of New York was the owner of the property in question since under subdivision 6 of section 30 of the Highway Law title to property is vested in the State of New York on the date on which a map is filed in the office of the County Clerk. Real property owned by the State of New York is exempt from local taxation (Real Property Tax Law, § 404).
Thus, under the chronology set forth above, the State of New York acquired the plaintiffs’ property subsequent to the taxable status date of September 10, 1966 and prior to the lien date of May 9, 1967. The plaintiffs were not liable at that point in time (Oct. 31, 1966) for the real property taxes and the same could not be enforced against the land or the plaintiffs personally (5 Op. St. Comp., 1949, p. 447).
The defendant city has urged upon this court the application of subdivision 3 of section 556 of the Real Property Tax Law to the facts here. The plaintiffs contend that subdivision 5 of section 20 of the General City Law has application. The former statute provides for a refund by a municipality where there is an erroneous or illegal assessment; the latter empowers the municipality, within its discretion, to compromise claims equitably even though the same do not constitute legal obligations binding upon the municipality. What is involved here is not an erroneous or illegal assessment, nor is there a claim here for the refund of taxes that can be equitably adjusted as contemplated by subdivision 5 of section 20 of the General City Law. Thus neither statute has application to the facts before the court.
What is involved is whether a taxpayer may recover real property taxes paid to a municipality through ignorance, inadvertence or by mistake.
*857 It has been held in this State that where payment of the tax has been voluntarily made with knowledge of all the facts, there is no right to a refund (Matter of Village of Delhi, 201 N. Y. 408; Matter of McCue v. Monroe County, 162 N. Y. 235). However, a distinction has been made between payments made under a mistake of law for which no refund has been permitted and payments made under a mistake of fact. The New York rule permits recovery by the taxpayer where he voluntarily pays taxes by mistake even though such mistake arose from want of care on the taxpayer’s part. Thus, in Lesster v. Mayor etc. of City of N. Y. (33 App. Div. 350, 355, affd. 161 N. Y. 628) it was held: “ ‘ If a party, with full knowledge of all the facts, voluntarily pays money in satisfaction of a demand made upon him, he cannot afterward allege such payment to have been unjustly demanded, and recover back the money. ’ And in Waite v. Leggett (8 Cow. 195) it was held that to constitute a voluntary payment, it must appear that the money was paid with knowledge of the facts which showed no liability to pay and even with knowledge that it ought not to be paid. So in Mayer v. The Mayor (2 Hun, 306), where taxes were paid by mistake, the court, after quoting Allen v. The Mayor (supra), said: ‘ it has since held by the court of last resort * * * that it does not affect the right of the payer to recover, that the mistake arose from a want of care on his part ’ ” (emphasis supplied).
This right to recover is based on the equitable principle that money should be restored to the taxpayer where paid under a plain, palpable mistake, (Baranowski v. Wetzel, 174 App. Div. 507, 510.) In this case it is alleged without dispute that the city sent tax bills to the plaintiffs; the plaintiffs claim without contradiction, other than a general denial, that through inadvertence and unawareness of the fact that the State now had title to its property they paid the city taxes for the year 1967. This, the plaintiffs claim, was a palpable mistake made without knowledge of the fact that they were not liable for these taxes. It was clearly not a payment made voluntarily under a mistake of law.
If the taxpayers had gone to the city and explained that the State was taking their property but that they wanted to pay these 1967 taxes for the purposes of protecting whatever interest they might have in the property in order not to prejudice the award being made to them by the State of New York as a result of the condemnation, such a payment, under those circumstances, would be payment with full knowledge of all the facts, defeating the taxpayers’ application for recovery. Here the city has presented no evidence, by affidavit or otherwise, which would indicate that the payment by the plaintiffs was made with any *858 such knowledge of the facts and, particularly, is there no evidence showing that the taxpayers had knowledge that the taxes ought not to be paid (Lesster v. Mayor etc. of the City of N. Y., supra). Thus the plaintiffs’ version stands uncontroverted on the record before this court leaving no issue of fact sufficient to defeat a motion for summary judgment.
While the city received the money upon a lawful assessment, it received payment from the plaintiffs who were not legally liable to pay it. Under these circumstances, the money paid by mistake should be restored to the plaintiffs (Mayer v. Mayor etc. of City of N. Y., 63 N. Y. 455; Board of Educ. of Town of Eastchester v. Board of Educ. of City of Mount Vernon, 267 App. Div. 871; Jemkap v. County of Suffolk, 23 A D 2d 499, 500; 3 Op. St. Comp., 1947, p. 320; 15 Op. St. Comp., 1959, p. 417).
The plaintiffs’ motion for summary judgment is granted.