OPINION OF THE COURT
Herbert A. Posner, J.
issue
This is an action by a taxpayer to recover $897.74 for interest and penalty, paid under protest, assessed by the city for unpaid real estate taxes and water charges from July 1, 1975 to June 30, 1977.
FACTS
In May of 1975 claimant purchased a one-family house in Flushing. She claims that, at the closing of title, the repre *29 sentative from the title company gave her a salmon-colored transfer card to fill out and it was her understanding that the title company would file the card with the office of the comptroller. Two months later, not having received any tax bills from the city, she wrote to the comptroller’s office and requested a bill for property and water taxes. Naturally, in the throes of its fiscal agony, the city with great alacrity responded to Mrs. Browne’s request and forwarded a bill for 1975-1976 realty taxes. Perhaps it was the shock of reading a letter which in effect was pleading for the right to pay taxes, or merely an act of bureaucratic negligence. In any event, as a result of an error by some employee in the comptroller’s office, Mrs. Browne received a tax bill that contained the correct street address but the wrong lot and block number. From here on, the taxpayer compounded the city’s mistake by failing to verify the lot and block number against her deed. For the next two and a half years claimant received bills and paid taxes that were credited to someone else’s property. In January, 1978, the city finally realized that they were collecting double the amount of taxes on a certain parcel of realty in Queens County and wrote to Mrs. Browne apprising her of this fact. The taxpayer immediately responded by a personal visit to the appropriate tax office and (after giving the correct lot and block number) asked for a corrected statement. A year and a half later (June 18, 1979) the taxpayer received a bill for the difference between the correct taxes (from July 1, 1975 to June 30, 1977) and the amount credited to the wrong account plus interest of $897.74.
LAW
It is well-settled law that a mistake of fact (even though mutual), which originated with the city’s officials, will not justify the city’s right to keep tax payments paid without protest. (Betz v City of New York, 119 App Div 91; Adrico Realty Corp. v City of New York, 250 NY 29; Mercury Mach. Importing Corp. v City of New York, 3 NY2d 418.) There is one exception to this rule, and that is where the city, through no fault of its own, has changed its position (e.g., intervening sale of the property or placement of a mortgage).
This is so because where innocent intervening interests arise, the city is under a disability to claim against their property (M. S. H. Realty Corp. v City of New York, 188 Misc 1039; Matter of Quadrozzi Realty Corp. v Irizarry, NYLJ, *30 April 8, 1975, p 20, col 2). In Quadrozzi (supra) the fact pattern is identical with this case, except that there were intervening mortgages placed upon the property. Justice O’Connor aptly summed up the law in the following paragraph: "The general rule is that tax payments made under a mistake of a material fact may be recovered even where the mistake arose from a want of care on the part of the taxpayer (see Jemkap, Inc. v. County of Suffolk, 23 A. D. 2d 499; Loconti v. City of Utica, 61 Misc. 2d 855). Such payments cannot be recovered, however, where the party receiving them has changed its position in consequence of the payments and it would be inequitable to allow a recovery. The person making the payments must, in that case, bear the loss occasioned by his own neglect (Mayer v. Mayor of City of New York, 63 N. Y. 455; Board of Education of Town of Eastchester v. Board of Education of City of Mt. Vernon, 267 App. Div. 871 affd 294 N. Y. 676).” (Matter of Quadrozzi Realty Corp. v Irizarry, supra, p 20, col 3.)
CONCLUSION
Since the city admits that there were no intervening factors which would have caused a "change in position”, then why should the city be entitled to penalize the claimant for a mutual mistake of fact? On the other hand, why should the claimant be permitted to recover all of the interest paid under protest when she had the use of the money for the period in question? As Judge Crane wrote in Adrico Realty Corp. v City of New York (supra, p 38), "What was the purpose of 7 per cent, which was more than the legal rate for money? Concededly, it was to force payment. It was not the rate collected upon unpaid judgments. It was the rate fixed by law to force the payment of taxes.”
The interest (penalty) on real estate taxes up through December 31, 1978 was 12% and thereafter 15% (Administrative Code of City of New York, § E17-24.0); and on water charges is was 7% up through December 31, 1976 and thereafter 15% (Administrative Code, § 415[1]-17.0). The interest charge at the legal rate of interest on unpaid judgments during the entire period in question was 6%. Therefore, the claimant is entitled to recover the difference between $897.74 (amount sued for) and $376.34 (the amount that claimant should pay for the use of the unpaid portion of taxes and water charges).
*31 Claimant, Browne, is entitled to a judgment of $521.40 with interest (at the legal rate of 3%), costs and disbursements.